IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANGANARO MIDATLANTIC, LLC | * |
| Plaintiff | * |
| v. | * Case No.:1:15-CV-00468-JEB |
| STRUCTURE TONE, INC. | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO COUNTERCLAIM

Manganaro Midatlantic LLC, Plaintiff/Counter-Defendant, by its undersigned counsel, files this Answer to the Counterclaim filed by Structure Tone, Inc.

### First Defense

The Counterclaim fails to state a claim against the Plaintiff upon which relief may be granted.

### Second Defense

Responding to the specific allegations of the Counterclaim, the Plaintiff states:

1. It admits the allegations of Paragraph 1.

2. It admits the allegations of Paragraph 2, although it further states that the Plaintiff also performs trades other than masonry.

3. It is without knowledge or information sufficient to form a belief as to the exact contractual relationship between the Defendant and Covington & Burling, LLP, concerning the renovations in question.

4. It admits that it entered into a Subcontract Agreement with Defendant, but denies the remaining allegations of Paragraph 4 as the entirety of the subcontract sets forth the understanding between the parties.

5. It admits that the total amount of the base subcontract was $5,500,000.00.

6. It admits that it performed changes to the base subcontract in the amount of $880,000.00.

7. It admits that the total revised amount of the Subcontract with approved change orders is $6,380,000.00.

8. It admits that the Defendant paid the Plaintiff $5,809,262.30, leaving an unpaid balance of amounts due in the amount of $570,737.70.

9. It denies the allegations of Paragraph 9.

10. It denies the allegations of Paragraph 10 and further states that the Plaintiff stopped work on the remaining punchlist item because of the Defendant's breach of its contract obligations.

11. It is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11.

12. It denies the allegations of Paragraph 12 and further states that the Plaintiff stopped work on the remaining punchlist item because of the Defendant's breach of its contract obligations.

13. It denies the allegations of Paragraph 13.

14. It denies the allegations of Paragraph 14.

15. It denies the allegations of Paragraph 15.

16. It incorporates its responses to the allegations set forth in Paragraphs 1-15.

17. It admits that it entered into a Subcontract Agreement with Defendant, but denies the remaining allegations contained in Paragraph 17, as the entirety of the Subcontract sets forth the understanding between the parties.

18. It denies the allegations of Paragraph 18.

19. It denies the allegations of Paragraph 19.

20. It denies the allegations of Paragraph 20.

21. It denies the allegations of Paragraph 21 as the Owner has occupied and continues to occupy the work performed by Plaintiff.

22. It denies the allegations of Paragraph 22 and incorporates its response to Paragraph 10 above.

23. It denies the allegations of Paragraph 23.

24. It denies the allegations of Paragraph 24.

25. It denies the allegations of Paragraph 25.

26. It denies the allegations of Paragraph 26.

### Third Defense

By virtue of the Defendant's breach of its obligations (including its payment obligation) under the Subcontract, the Plaintiff is relieved of any further obligations.

### Fourth Defense

By virtue of the Defendant's breach of its obligations (including its payment obligation) under the Subcontract, the Defendant is estopped to assert the claims set forth in its Counterclaim.

### Fifth Defense

By virtue of the Defendant's breach of its obligations (including its payment obligation) under the Subcontract, the Defendant waived the claims asserted in its Counterclaim.

### Sixth Defense

The Defendant failed to mitigate the damages alleged in the Counterclaim.

### Seventh Defense

The Defendant admits in its Counterclaim that it has failed to pay the Plaintiff for change order and/or base contract work performed by the Plaintiff. The Defendant fraudulently, and in breach of its contract, assigned excessive and unreasonable costs to claimed individual punch list items, virtually all of which has already been properly performed by the Plaintiff.

*(signature)*
Howard G. Goldberg
Federal Bar No. 392070
Goldberg & Banks, P.C.
1829 Reisterstown Rd., Suite 120
Baltimore, MD 21208
Phone: 410.580.9530
Fax: 410.580.9539
hgoldberg@gbpclawfirm.com

### CERTIFICATE OF SERVICE

I hereby certify on this __27__ day of July, 2015, I will electronically file the foregoing ANSWER TO COUNTERCLAIM with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to the following:

> Shawn C. Whittaker
> Whittaker & Associates, PC
> 1010 Rockville Pike
> Suite 607
> Rockville, MD 20852
> Shawn@whittaker-law.com
> *Attorney for Defendant*

*(signature)*
Howard G. Goldberg